### GRIESSEN v. COOK. *
#### No. 15071.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1935.

H. W. &. H. M. Robinson and F. B. Freeland, all of New Orleans, for appellant.

H. L. Hammett, of New Orleans, for appellee.

JANVIER, Judge.

This suit results from an automobile collision which occurred at about 7 o'clock on the evening of October 1, 1933, on the highway alongside the west bank of the Mississippi river at a point about three miles above the town of Westwego.

Griessen, plaintiff, was driving his Ford car towards New Orleans, and defendant, Cook, was driving his automobile from the city so that the two vehicles were going in opposite directions. Both cars were damaged. No personal injuries are involved.

Griessen claims of Cook $195.

Cook denies any liability, and, contending that the sole cause of the collision was Griessen's negligence, by reconventional demand, claims $116.40.

In the first city court of New Orleans, plaintiff's claim was rejected and there was judgment on the reconventional demand for Cook, defendant and reconvener, in the amount prayed for. Griessen has appealed.

The record shows that the collision took place just after the Griessen car had negotiated two curves, the first a sharp right turn and the latter a left turn almost as sharp, and after the Cook car had likewise negotiated a rather sharp turn to its left. Each of the parties contends that the other was on the wrong side of the road at the time and was proceeding at an excessive rate of speed.

As the Griessen car proceeded down the river, it passed another automobile owned

*Rehearing denied Dec. 16, 1935.

and driven by Mr. George L. Minor, who stated that he and his wife, who was with him, remarked that the speed of the car which passed them was dangerously high because of the sharp curves which it was traversing.

At a point about two hundred feet beyond that at which the Griessen car passed the Minor car, the crash occurred. The record is large, and it contains much evidence relative to the exact location of the point of the impact with reference to the center line of the road, and also concerning the speed at which each of the cars was being driven at the time.

The evidence of each party, were it not for that of the other, would amply substantiate his contention. Under these circumstances, we find no reason to conclude that our brother below erred when he accepted the version given by the witnesses who corroborated Cook's testimony. Nor do we find that the physical facts show that the finding in the court below was incorrect. We therefore have no hesitation in concluding that there should be no recovery by Griessen because the finding in the trial court that he was negligent, being not obviously incorrect, should be accepted by us.

We have given much study to the question of whether Cook may not have been himself at fault in the matter of speed. If he was negligent in this respect, and if that negligence was a contributing cause, then he cannot recover. We conclude that even in the matter of speed Cook was not at fault.

One circumstance deserves comment, and that is that after the accident Cook, in his own car, conveyed to a hospital in New Orleans, Miss Regnier and Miss Smith, who had been occupants of Griessen's car, and that when he reached the hospital he arranged that the two women should be given all necessary treatment and stated that he would be responsible for their expenses at the hospital. The record shows that later he paid the bills which resulted.

It is also contended that he admitted his liability shortly after the accident. However, the record does not show that Mr. Cook admitted liability, and the mere fact that he paid the bills of the two women who were injured cannot be pointed to as an admission on his part that he was responsible for the accident. When he reached the hospital, he realized that these two women required medical attention and hospital care. Therefore, without investigating to determine their ability to pay, he agreed to pay the bills for them, not having in mind any idea that by doing so he would render himself liable for all of the results of the accident.

The record as a whole convinces us that there is no error in the finding below.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.